

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

**NOS. WR-87,975-01; 87,975-02; 87,975-03; 87,975-04; 87,975-05; 87,975-06**

**EX PARTE GARY CHRISTOPHER MORROW, Applicant**

**ON APPLICATIONS FOR WRITS OF HABEAS CORPUS
CAUSE NOS. CR-13-24719; CR-13-24718; CR-13-24716; CR-13-24717;
CR-13-24720; CR-13-24722 IN THE 336ᵀᴴ DISTRICT COURT
FROM FANNIN COUNTY**

*Per curiam.*

# O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court these applications for writs of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of three aggravated assaults, an aggravated kidnapping, a burglary of a habitation, and an aggravated sexual assault. He was sentenced to forty years' imprisonment on the aggravated sexual assault, thirty years' imprisonment on the aggravated kidnapping, and twenty years' imprisonment for each of the aggravated assaults and the burglary. The Sixth Court of Appeals affirmed his convictions. *Morrow*

*v. State*, 486 S.W.3d 139 (Tex. App.—Texarkana 2016)[1].

Applicant contends that his trial counsel rendered ineffective assistance because he failed to investigate and bring forth testimony that the complainant testified falsely about owning the home, failed to conduct a *Franks v. Delaware* hearing to contest the legitimacy of the search warrant used to obtain material evidence, failed to present a defense that a deadly weapon was not used in the offenses, and failed to voir dire the venire on their attitude towards the low range of punishment. He also alleges that false evidence was used to obtain his conviction.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999); *Ex parte Chabot*, 300 S.W.3d 768, 772 (Tex. Crim. App. 2009). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel to respond to Applicant's claims of ineffective assistance of counsel. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

It appears that Applicant is represented by counsel. If the trial court elects to hold a hearing, it shall determine if Applicant is represented by counsel, and if not, whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

---

[1] All of the convictions were addressed in this opinion even though they had separate cause numbers: (1) aggravated sexual assault in cause number 06-15-00012-CR; (2) aggravated assault with a deadly weapon in cause number 06-15-00014-CR; (3) aggravated assault with a deadly weapon in cause number 06-15-00015-CR; (4) aggravated assault with a deadly weapon in cause number 06-15-00016-CR; and (5) aggravated kidnapping in cause number 06-15-00017-CR.

The trial court shall make findings of fact and conclusions of law as to whether the performance of Applicant's trial counsel was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The trial court shall make findings regarding whether the complainant's testimony was false, and if so, whether that testimony was material to each of the convictions. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time must be requested by the trial court and shall be obtained from this Court.

Filed: March 21, 2018
Do not publish